# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY CLAUDE STEPHENS,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 1:08-1029 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **SUPERINTENDENT MICHAEL KLOPOTOSKY and** | : | |
| **PA ATTORNEY GENERAL,** | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION[1]

On May 27, 2008, the petitioner, Jeffrey Claude Stephens, an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). For the reasons set forth below, the court will recommend that the petition be DENIED.

## I. PROCEDURAL BACKGROUND

On November 20, 1996, in the Pennsylvania Court of Common Pleas, Lackawanna County, the petitioner was convicted of involuntary deviate

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

sexual intercourse and related offenses. (Doc. No. 1 at 25). On January 16, 1997, following a hearing, petitioner was classified as a sexually violent predator and was sentenced to an aggregate term of ninety-eight months to life imprisonment. *Id.* at 25-26. The petitioner filed a timely notice of appeal to the Superior Court of Pennsylvania, but on June 16, 1997, the appeal was dismissed as petitioner failed to file a brief. (Doc. No. 1 at 13, 26).

On December 18, 1997, the petitioner, proceeding *pro se*, filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* at 26. The PCRA court appointed counsel, who filed an amended petition, on petitioner's behalf. *Id.* The PCRA court granted the petition, and on September 17, 1999, the court vacated his sentence and reinstated petitioner's direct appeal rights. *Id.*

On November 23, 1999, the petitioner received a sentence of ninety-eight months to twenty-six years of imprisonment. *Id.* After receiving this sentence, petitioner filed a timely post-sentence motion. *Id.* The trial court denied the motion and, on June 27, 2001, the Superior Court affirmed. *Id.* Petitioner then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the court denied on March 20, 2002. *Id.* Petitioner did not file a petition for a writ of *certiorari* with the United States Supreme Court.

*Id.*

Beginning on January 3, 2003, petitioner, proceeding *pro se*, filed the first of numerous PCRA petitions. (Doc. No. 1 at 26). The first was entitled "Plain English Motion for a New Trial on the Ground of After-Discovered Evidence." *Id.* On February 14, 2003, petitioner filed a "Petition to File an Amended Petition for [PCRA] Relief," and on March 19, 2003, petitioner filed an "Amended PCRA Petition." *Id.* at 26-27. On April 1, 2003, petitioner filed yet another PCRA petition. Following the April 1, 2003 petition, counsel was appointed to assist the petitioner with the prosecution of his case. *Id.* at 27. After the appointment of counsel, petitioner filed a *pro se* motion for waiver of counsel, and a memoranda of law in support of his "Amended PCRA Petition." *Id.* The PCRA court failed to address his request to remove appointed PCRA counsel and, thus, petitioner appealed to the Superior Court of Pennsylvania. *Id.* However, the Superior Court quashed petitioner's appeal because no appealable order had been entered by the PCRA court. *Id.*

Following the Superior Court's order, the PCRA court conducted a hearing on the petitioner's PCRA petition where petitioner was represented by counsel. (Doc. No. 1 at 27). On February 11, 2005, at the hearing, the court stated that the 2003 PCRA petition was untimely, but nonetheless

3

allowed petitioner to address his claim regarding ineffective assistance of counsel. *Id.* at 16. The PCRA court then issued an opinion denying petitioner's PCRA petition. *Id.* at 27. In turn, the petitioner requested, but was not granted, the ability to proceed *pro se. Id.*

Petitioner then appealed to the Superior Court of Pennsylvania. During the pendency of his appeal, he filed a *pro se* brief claiming appointed PCRA counsel was ineffective. (Doc. No. 1 at 28). Accordingly, the Superior Court directed appointed counsel to file a petition for remand so that the lower court could address the petitioner's allegations. *Id.* The petitioner, proceeding *pro se*, also filed with the Superior Court a motion for withdrawal of appointed counsel and, a petition for permission to proceed *pro se*. *Id.* Appointed counsel then filed the petition for remand, but the petition failed to address and analyze <u>all</u> of the petitioner's allegations regarding appointed counsel's ineffectiveness. *Id.* Thus, the petitioner's *pro se* brief contained other ineffective assistance of counsel claims which the Superior Court was precluded from reviewing at that time. *Id.* Due to the Superior Court's unique concerns regarding this case, the court denied petitioner's motion and petition, and remanded the case back to the lower court. *Id.* On remand, the lower court conducted a *Grazier* hearing, and the court concluded that petitioner

4

was knowingly waiving his right to counsel, and therefore, petitioner was permitted to proceed *pro se* on appeal. *Id.* at 28-29. Accordingly, petitioner filed a supplemental brief with the Superior Court. *Id.* at 29. On February 19, 2008, the Superior Court affirmed the PCRA court's denial of the PCRA petition. *Id.* at 25.

On May 27, 2008, the petitioner, filed the instant petition for writ of habeas corpus. (Doc. No. 1). On July 24, 2008, respondents filed a response, (Doc. No. 8; Doc. No. 9), and on August 12, 2008, petitioner filed a traverse (Doc. No. 13; Doc. No. 14). Thus, the petition is ripe for review.

## II. DISCUSSION

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254 (2006). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532,

5

542-44 (3d Cir. 2002). A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. 28 U.S.C. §2244(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in a discretionary appeal to the state or United States Supreme Court."[2] 28 U.S.C. §2244(d)(1)(A); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999).

---

[2] Section 2244(d)(1) provides three additional time triggers and directs a court to calculate the one-year period from the latest of the four periods. *See* 28 U.S.C. § 2244(d)(1)(B) (applicable where a state impeded the petitioner's petition), (C) (applicable where the Supreme Court has recognized a new, retroactive right), (D) (applicable where through due diligence, the petitioner could have discovered the factual predicate of his claim).But the triggers are considered seriatim, and the court will only consider the next trigger if the prior trigger is not applicable; §2244(d)(1)(A) is the default trigger applicable in most cases. *Fielder v. Varner*, 379 F.3d 113, 116 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); *see Caldwell v. Wilson*, No. Civ. 04-1683, slip op. at * 3 (W.D. Pa. Oct. 28, 2005) ("Although a habeas respondent has the burden of affirmatively pleading [§2254's] statute of limitations, it is appropriate, where the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the date his conviction became final or the date the grace period started to run should be not used to calculate the running of the statute of limitations.") (internal citations and footnote omitted); *Land v. Carroll*, 402 F.Supp.2d 514, 517 (D.Del. 2005) ("[The petitioner] does not allege, nor can the court discern, any facts triggering the application of §§2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under §2244(d)(1)(A).").

6

Furthermore, the statute of limitations is calculated with respect to each claim raised in the habeas petition.[3] *Fielder*, 379 F.3d at 121-22. The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2); *Wilson*, 426 F.3d at 659; *Merritt*, 326 F.3d at 161-62. "[A]n application is '*properly* filed' when its delivery and acceptance" comply with state procedural rules. *Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003), *cert. denied*, 540 U.S. 921 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (emphasis in original). Any decision by a state court finding an appeal or petition to be untimely is dispositive of the issue for the

---

[3]Section 2244(d)(1) provides that the statute of limitations "shall apply to an application for writ of habeas corpus." There is debate whether this requires a court to calculate the statute of limitations with respect to the petition as a whole or each claim within the petition. *Cf. Walker v. Crosby*, 341 F.3d 1240, 1243 (11th Cir. 2003) ("The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole") *with Fielder*, 379 F.3d at 121-22; *see Khan v. United States*, 414 F.Supp.2d 210 (E.D.N.Y. 2006) (collecting cases and discussing split). In obiter dictum, the Supreme Court has indicated a different approach: §2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole, §2244(d)(1)(A) . . . , but three others that require claim-by-claim consideration." *Pace v. DeGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1813 n.6 (2005). The court notes the importance of the Supreme Court's dictum, *see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 311 (3d Cir. 2006) ("[W]e pay due homage to the Supreme Court's well-considered dicta as pharoi that guide our rulings."), but applies the Third Circuit's precedent because it remains binding on this court.

7

district court. *Merritt*, 326 F.3d at 165-66. Furthermore, the statute of limitations may be equitably tolled where something "extraordinary" prevented the petitioner from raising his rights and the petitioner diligently pursued his rights, but equitable tolling should be used "sparingly." *Pace*, 544 U.S. 408, 125 S.Ct. at 1814; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005), *cert. denied*, 126 S.Ct. 473 (2005); *Merritt*, 326 F.3d at 168.

Respondents claim that petitioner's habeas petition should be denied because it is time-barred. (Doc. No. 9 at 1). As explained below, the court agrees.

First, the court finds that under §2244(d)(1)(A), the petitioner's judgment became final on June 18, 2002, the date his deadline for filing a petition for certiorari in the United States Supreme Court passed without his having pursued such relief.[4] *See Kapral*, 166 F.3d at 575. Therefore, absent statutory or equitable tolling, the deadline for petitioner to file a federal habeas petition was scheduled to expire one year later in June of 2003. *See Austin v. Carroll*, 224 Fed. Appx. 161, 163 (3d Cir. 2007) (not precedential).

Second, the court has determined that the statute of limitations was not

---

[4]This date, June 18, 2002, is ninety days past the March 20, 2002 decision by the Pennsylvania Supreme Court that denied petitioner's petition for allowance of appeal. The court also notes that petitioner agrees that this is the date his judgment became final.

8

tolled. Although petitioner filed a series of PCRA petitions in 2003, these petitions were not properly filed, namely as they were *untimely*, as determined by the PCRA court during the February 2005 hearing.[5] *Merritt*, 326 F.3d at 165-66. As such, the statute of limitations continued to run, expiring in June of 2003. Moreover, petitioner has not identified any extraordinary circumstances that would permit the statute of limitations to be equitably tolled.[6]

Consequently, as petitioner filed the instant habeas petition in May of 2008, nearly five years outside the statute of limitations, the court recommends the petition be denied as it is untimely.[7]

## III. CONCLUSION

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the

---

[5] The court further notes that this finding was summarized in the PCRA court's decision which included a summary of the Commonwealth's arguments as to why the PCRA petition was untimely.

[6] Rather, petitioner asserts that the petition was filed in a timely manner.

[7] As the court finds the petition to be untimely, the court need not consider the remaining contentions of the parties.

petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DENIED**.[8]

                                           s/ *Malachy E. Mannion*
                                           **MALACHY E. MANNION**
                                           **United States Magistrate Judge**

**DATE:** October 29, 2009
O:\shared\REPORTS\2008 Reports\08-1029-01.wpd

---

[8] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.