## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY CLAUDE STEPHENS, | : | |
| Petitioner, | : | Civil Action No. 1:08-cv-1029 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SUPERINTENDENT MICHAEL | : | (Magistrate Judge Mannion) |
| KLOPOTOSKY and PA ATTORNEY | : | |
| GENERAL | : | |
| Respondents | : | |

## MEMORANDUM

Pending before the Court is Magistrate Judge Mannion's report and recommendation

(Doc. No. 18) and Petitioner Jeffrey Claude Stephens' objection (Doc. No. 19). In his report,

Judge Mannion recommends that Petitioner's habeas corpus petition be denied as untimely.

Because the Court finds that the petition is timely, the Court will decline to adopt Judge

Mannion's report and recommendation.

## I. Discussion

The facts of this case have been previously set forth in Magistrate Judge Mannion's

report and recommendation, the majority of which need not be reiterated here. Petitioner's state

court judgment became final, and the statute of limitations for Petitioner's 28 U.S.C. § 2254

petition began to run, on the date his time to file a petition for certiorari in the United States

Supreme Court expired, or June 18, 2002.[1] Petitioner filed a series of pleadings under the

---

[1] The Court notes that Respondent's reliance on March 20, 2002, as the date to begin the running of the limitations period is mistaken. Title 28 U.S.C. 2244 requires that the limitations period begins to run on "the date on which the judgment [to be reviewed] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, Respondent's argument that Petitioner's judgment became final on March 20, 2002, because "no relief in the Supreme Court of the United States was sought" is in error. The limitations period did not begin to run until the date when the opportunity for seeking

Pennsylvania Post-Conviction Relief Act ("PCRA") in early 2003.  The first petition was filed

on January 3, 2003, and subsequent pleadings were filed on February 14, 2003; March 19, 2003;

and April 1, 2003.  After going through several layers of the appeals process, the Pennsylvania

Superior Court ultimately affirmed the denial of the PCRA petition on February 19, 2008.

In his report, Magistrate Judge Mannion's report found that these petitions did not toll the

statute of limitations before Petitioner filed his § 2254 petition on May 7, 2008. (Doc. No. 18 at

5.)  Instead, Judge Mannion found that the petitions were not timely filed, and were therefore not

"properly filed." (Id. at 7-9); see Merritt v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003) (noting that

"an application is 'properly filed' when its delivery and acceptance'" comply with state

procedural rules).  With no tolling, Petitioner's § 2254 petition would have been due in June

2003.

Judge Mannion's recommendation accurately recounts the law applicable to this case.

However, the Court is unable to agree that the facts of this case result in a finding that

Petitioner's PCRA petition was untimely.  As support for his reading of the facts, Judge

Mannion's report cites to an October 2, 2006 memorandum and order written by Judge Trish

Corbett of the Court of Common Pleas of Lackawanna County. (See Doc. No. 1 at 13.) Judge

Corbett's order recounts a February 11, 2004[2] hearing on Petitioner's PCRA petition before the

state trial court Judge S. John Cottone. (See Doc. No. 1 at 15.)  Specifically, Judge Corbett's

---

certiorari in the United States Supreme Court expired. See Heleva v. Brooks, 581 F.3d 187, 192-
93 (3d Cir. 2009).  Judge Mannion was correct in finding that the limitations period began to run
on June 18, 2002.

[2] It is unclear to the Court from the record whether the hearing before Judge Cottone
occurred on February 11, 2004 or February 11, 2005.  Judge Corbett's memorandum first refers
to a hearing on February 11, 2004. (See Doc. No. 1 at 15.)  Yet Judge Corbett's memorandum
also makes references to a February 11, 2005 trial transcript. (See id. at 16.)  This discrepancy
for when the hearing was held does not affect the outcome of this Court's analysis.

memorandum states:

> . . . Defendant filed a pro se PCRA petition that was approximately
> 500 pages long. On February 11, 2004, a hearing on Defendant's
> PCRA Petition was held before the Honorable S. John Cottone, now
> retired. Defendant was represented by counsel at the hearing.
>
> During the hearing, the District Attorney argued that the claim for
> ineffective assistance arose no later than September 7, 2001. That is
> the date the Superior Court denied the application for rehearing. The
> Petition for Allowance of Appeals claim of ineffectiveness against
> Appellate Counsel would have to have been filed no later than
> October 7, 2001, which is 30 days after September 7, 2001.
>
> The District Attorney claimed the Amended Petition was not filed
> until February 14, 2003. If the ineffective assistance claim had not
> already been waived, then the District Attorney claimed it needed to
> be brought to the court's attention within one year of the time it arose
> or could/should have been discovered. The District Attorney argued
> that the ineffective assistance claim was waived since it was not
> raised within one year or it was raised and already litigated before the
> Superior Court.
>
> . . . .
>
> At the hearing, the Trial Court found that the Petition was "so
> voluminous that [the court was unable] to make heads or tails out of
> a lot of what he has filed." While the Court stated at the hearing that
> the Petition was untimely, it allowed the Defendant to address the
> ineffective assistance claim. (See Feb. 11, 2005 TT, pg. 28-29). . . .
>
> There was no decision ever issued on the merits of the Petition. . . .

(Doc. No. 1 at 15-17.)

In his recommendation, Judge Mannion appears to have arrived at his finding that the

PCRA petition was untimely based on Judge Corbett's recreation of the proceedings before

Judge Cottone. (See Doc. No. 18 at 9.) However, in reviewing the facts before it, the Court is

unable to come to the same conclusion. Under the PCRA, "[a]ny petition . . . shall be filed

within one year of the date the judgment becomes final . . . ." 42 Pa. C.S.A. § 9545(b)(1). For

purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). As a result, Petitioner's one year statute of limitations for filing a PCRA petition began to run on the same day as the limitations period on his § 2254 petition: June 18, 2002. See 28 U.S.C. § 2244(d)(1)(A) (stating that the statute of limitations begins on "the date on which the judgment [to be reviewed] became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Petitioner filed his first PCRA petition on January 3, 2003, it was within the one year statutory time frame allowed under § 9545(b)(3). The Court agrees with Petitioner that from January 3, 2003, when Petitioner filed his first PCRA motion, until the final resolution by the Superior Court of Petitioner's PCRA petition on February 19, 2008, Petitioner's pursuit of post conviction relief was "properly filed" and "pending" as envisioned by § 2244(d)(2). As a result, the statute for filing his § 2254 petition was tolled while he pursued his appellate rights in state court. Only 198 days passed between June 18, 2002, and January 3, 2003. Another 78 days passed between the conclusion of the PCRA proceedings on February 19, 2008, and the initiation of the habeas petition on May 7, 2008. Outside the tolling period of Petitioner's PCRA proceedings, only 276 days passed before Petitioner filed his present habeas petition. Therefore, Petitioner's habeas petition is not untimely.[3]

## II.      Conclusion

Finding that the Petitioner's habeas petition was timely filed, the Court will decline to

---

[3] Even if Petitioner's PCRA petition was filed on March 19, 2003, rather than on January 3, 2003, as Respondents argue in their brief, it does not change the outcome of this case. Using such a date, only 352 days expired outside the tolling period – still allowing Petitioner's habeas petition to fit within the § 2244 limitations period.

adopt Judge Mannion's report and recommendation.  The habeas petition will be remanded to

Judge Mannion for further proceedings on this matter.  An order consistent with this

memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JEFFREY CLAUDE STEPHENS,**                     :
  **Petitioner,**                     : **Civil Action No. 1:08-cv-1029**
               :

**v.**                                      :     **(Chief Judge Kane)**
                                            :
**SUPERINTENDENT MICHAEL**                  :     **(Magistrate Judge Mannion)**
**KLOPOTOSKY and PA ATTORNEY**              :
**GENERAL**                                 :
    **Respondents**     :

## ORDER

**AND NOW**, on this 5th day of February 2010, upon de novo consideration of Magistrate

Judge Mannion's report and recommendation, **IT IS HEREBY ORDERED** that the report and

recommendation is **NOT ADOPTED**.  Petitioner's § 2254 petition (Doc. No. 1) is

**REMANDED** to Magistrate Judge Mannion for further proceedings on this matter.


                s/ Yvette Kane
                Yvette Kane, Chief Judge
                United States District Court
                Middle District of Pennsylvania