IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY CLAUDE STEPHENS,<br>    Petitioner | :<br>:  Civil Action No. 1:08-cv-1029 |
| v. | :<br>:  (Chief Judge Kane)<br>: |
| SUPERINTENDENT JEROME<br>WALSH and PA ATTORNEY<br>GENERAL<br>    Respondents | :  (Magistrate Judge Mannion)<br>:<br>:<br>: |

## MEMORANDUM

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Malachy Mannion (Doc. No. 26), which recommends that Petitioner's petition filed pursuant to 28 U.S.C. § 2254 be denied.[1] Petitioner has filed objections to the R&R. (Doc. No. 27.) The Court has reviewed Petitioner's objections and has found them to be without merit. Accordingly, the Court will adopt the R&R in full.

**I.   BACKGROUND**

    **A.   Procedural Background**

In 1996, Petitioner was charged and convicted of involuntary deviate sexual intercourse, sexual assault, indecent assault, simple assault, and aggravated indecent assault. (Doc. No. 26 at 2.) After a hearing, Petitioner was classified as a sexually violent predator and was sentenced to an aggregate term of ninety-eight months to life imprisonment. (Id.)

In 1999, after Petitioner filed a petition under the Pennsylvania Post Conviction Relief

---

[1] Petitioner has provided notice that Michael Klopotosky has been replaced by Jerome Walsh as Superintendent of SCI-Dallas. (Doc. No. 27 at 23.) Accordingly, the Court substitutes Walsh for Klopotosky. See Fed. R. Civ. P. 25(d).

Act ("PCRA"), his sentence was vacated and Petitioner's direct appeal rights were reinstated. (Id. at 3.) On November 23, 1999, Petitioner was resentenced to ninety-eight months to twenty-six years imprisonment. (Id.) Petitioner directly appealed that sentence to the Pennsylvania Superior Court. (Id.) His appeal was denied, as was his following petition for an allowance of appeal with the Supreme Court of Pennsylvania. (Id.)

Beginning on January 3, 2003, Petitioner filed the first of numerous pro se PCRA petitions. (Id. at 3-4.) Specifically, Petitioner filed a "Plain English Motion for a New Trial on the Ground of After-Discovered Evidence," a "Petition to File an Amended Petition for [PCRA] Relief," two amended PCRA petitions, a motion for waiver of counsel, and a memorandum of law in supported of his amended PCRA petition. (Id. at 4.) He also filed an appeal to the Superior Court of Pennsylvania, seeking to remove appointed PCRA counsel, which the Superior Court quashed. (Id.) At a hearing, the PCRA court permitted Petitioner to orally amend his PCRA petition, and subsequently denied Petitioner's PCRA petition. (Id.) The PCRA court denied petitioner's request to proceed pro se. (Id. at 4-5.)

Petitioner then appealed the PCRA court's denial of his petition to the Superior Court of Pennsylvania, alleged that his appointed PCRA counsel was ineffective, and sought to proceed pro se. (Id. at 5.) The Superior Court denied Petitioner's motion and petition, and remanded the case to the lower court. (Id.) The lower court permitted Petitioner to proceed pro se on appeal, and, after reviewing his supplemental brief, the Supreme Court denied Petitioner's PCRA petition. (Id. at 5-6.)

B.     § 2254 Petition

On May 27, 2008, Petitioner filed a petition for relief pursuant to 28 U.S.C. § 2254.

(Doc. No. 1.) Petitioner's habeas corpus petition contains six grounds for relief. First, Petitioner claims that his trial counsel was ineffective in failing to have his admissions to his then-girlfriend Linda Voytko suppressed. (Doc. No. 26 at 7.) Second, Petitioner claims that his trial counsel was ineffective for failing to ascertain several discovery violations relating to Voytko and her contact with the prosecuting attorney. (Id. at 7-8.) Third, Petitioner claims that trial counsel was ineffective for failing to answer his questions relating to his sentencing exposure and chance of success at trial, when faced with a plea offer from the government. (Id. at 8-9.) Fourth, Petitioner claims that his trial counsel was ineffective for failing to refile an improvidently filed motion for new trial after letters to Voytko, which were to be used only for impeachment, were brought to the jury room during deliberations. (Id. at 9-10.) Each of the preceding four ineffective assistance claims are lodged not only against Petitioner's trial counsel, but also against his appellate counsel who failed to raise these arguments on appeal. (See id. at 7-10.)

Fifth, Petitioner claims that the prosecutor's closing argument included several improprieties, which resulted in prosecutorial misconduct and a violation of due process. (Id. at 11.) Specifically, Petitioner argues that it was improper for the prosecutor to call him a liar and to ask the jury to use their common sense and find that there was blood on his clothing. He also argues that the prosecutor misstated or misrepresented when Voytko went to the district attorney's office. (Id. at 19.) Petitioner argues that his trial counsel's failure to object to the closing argument resulted in ineffective assistance of counsel. (Id. at 11.)

Petitioner's sixth ground for relief is that "cumulative misconduct and denial of effective assistance of counsel combined to deny due process." (Id.) Specifically, Petitioner asserts: (1)

that the Commonwealth failed to provide necessary discovery which would have led to valuable impeachment evidence; (2) that the Commonwealth improperly used the fact that petitioner had lied to his girlfriend to attack his credibility, believability, and character; and (3) that ADA Shwed's closing argument was improper. (Id. at 12.) Petitioner argues that trial and appellate counsel were ineffective for failing to raise these instances of misconduct, and that this ineffectiveness of counsel denied him a fair and adequate direct appeal, thereby denying his due process rights. (Id. at 13.)

### C.     Report and Recommendation

On April 8, 2011, Magistrate Judge Mannion issued an R&R, recommending that Petitioner's petition for habeas corpus relief be denied. (Doc. No. 26.) He found that Petitioner had not exhausted the claims for relief in grounds two, three, or six. (Id. at 17; see also 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").) Magistrate Judge Mannion also found that grounds four and five were partially unexhausted. (Id. at 18-19.) With respect to ground four, Magistrate Judge Mannion found that Petitioner did not properly exhaust the issue of whether appellate counsel was ineffective in failing to raise trial counsel's alleged ineffectiveness, and, with respect to ground five, Petitioner failed to raise the issue regarding the prosecutor's alleged misstatements or misrepresentations of evidence during closing arguments. (Id.) Therefore, Magistrate Judge Mannion recommended that these unexhausted and procedurally defaulted claims for relief be dismissed. (Id. at 19.)

Next, after reviewing the merits of the exhausted claims in grounds one, four, and five, Magistrate Judge Mannion recommended that these claims also be dismissed, and that

Petitioner's petition for habeas corpus relief be denied. (Id. at 24-53.)

## II. DISCUSSION

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1).

In response to the R&R, Petitioner raises several objections, to both the claims that Magistrate Judge Mannion found to be unexhausted, as well as the claims that he found to be exhausted. (Doc. No. 27.)

### A. Objection to Ground Two[2]

In the R&R, Magistrate Judge Mannion construed ground two as relating to several alleged discovery violations, and trial and appellate counsel's ineffectiveness in failing to raise these issues. (Doc. No. 26 at 8.) In his objections, Petitioner takes issue with Magistrate Judge Mannion's description of Petitioner's argument:

> The Magistrate states that "Finally, petitioner states that the Commonwealth failed to disclose the fact that Voytko was going to lie on the stand . . .", id. This statement misconstrues Petitioner's argument, which, was that the Commonwealth failed to give, as discovery, Notice that Voytko lied on the stand when she actually lied on the stand, see Petitioner's Habeas Corpus Petition at p.2, reverse side.

(Doc. No. 27 at 2.) In his discussion of ground two of Petitioner's petition, Magistrate Judge

---

[2] Petitioner's objection is captioned "Objection to 'Ground 3', p.8, R & R;" however, the Court notes that the argument relates to Magistrate Judge Mannion's discussion of ground two of Petitioner's petition. (Doc. No. 27 at 2; Doc. No. 26 at 8.)

Mannion did not reach the merits of the claim, finding instead that the claims in ground two were not exhausted in Pennsylvania state courts. (Doc. No. 26 at 17-18.) Accordingly, the wording used by Magistrate Judge Mannion to describe Petitioner's argument in ground two of his petition has no effect on the disposition of the claim at issue, and this objection is meritless.

      B.      **Objection to Non-Exhaustion of Ground Two**

Petitioner next objects to Magistrate Judge Mannion's finding that grounds two, three, and six were not fairly presented to the state courts. (Doc. No. 27 at 2.) A district court may only grant a petition for habeas corpus if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). To be exhausted, a petitioner must have given "the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted. Coleman, 501 U.S. at 729-30; Slutzker, 393 F. 3d at 380-81. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 729-30, 750; Slutzker, 393 F. 3d at 380-81.

A claim that is waived by a PCRA petitioner is procedurally defaulted. 42 Pa. Cons. Stat. § 9543(a)(3); see also Riley v. Lavan, No. 04-cv-2577, 2005 WL 1995462, at *2 (E.D. Pa. Aug. 16, 2005). Section 9543(a)(3) provides that PCRA review is not available for any issue that has

been waived during previous review. An issue is deemed to be waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." 42 Pa. Cons. Stat. § 9544(b).

First, Petitioner argues that ground two, which concerned alleged discovery violations, was fairly presented to Pennsylvania state courts at Petitioner's appeal from denial of PCRA relief, and in Petitioner's PCRA petition. (Doc. No. 27 at 4.) Ground two of Petitioner's habeas corpus petition alleges that his "[c]onviction [was] obtained by unconstitutional failure of prosecution to disclose to the defendant evidence favorable to the defendant," and that counsel's failure to object to these alleged discovery violations constitutes ineffective assistance of counsel. (Doc. No. 1 at 8.)

In his R&R, Magistrate Judge Mannion states that, "[a]s [the claims in ground two, three, and six] were not raised on direct appeal, the only way for these claim[s] to have been exhausted is if they were raised in the PCRA proceedings." (Doc. No. 26 at 17.) In the Court of Common Pleas of Lackawanna County, Petitioner waived his ineffective assistance of counsel claims related to discovery when he orally amended his PCRA petition, narrowing the issues to two ineffective assistance of counsel claims – one relating to the alleged agency relationship between Linda Voytko and the district attorney's office, and one relating to the submission of allegedly prejudicial letters to the jury. (Doc. No. 1 at 17.) Accordingly, the claims in ground two are unexhausted, and thus cannot form the basis of federal habeas corpus relief.

### C.    Objection to Non-Exhaustion of Ground Three

Next, Petitioner argues that ground three, which concerns trial and appellate counsel's alleged ineffective assistance of counsel concerning a plea offer from the government, was fairly

presented to the PCRA court. (Doc. No. 27 at 5.) After a de novo review of the legal and factual issues, the Court agrees with Magistrate Judge Mannion's finding that the claims in ground three are unexhausted. Petitioner did not raise these claims on direct appeal, and waived them when he narrowed his PCRA petition to the two ineffective assistance of counsel claims related to the agency theory and the allegedly prejudicial letters going to the jury. Accordingly, the Court finds that the claims in ground three cannot form the basis of federal habeas corpus relief.

### D. Objection to Non-Exhaustion of Ground Six

With respect to ground six, in which Petitioner alleged that trial and appellate counsel was ineffective for failing to object to "cumulative misconduct" by the prosecutor at trial, Petitioner argues that the issue was exhausted in his PCRA appellate brief. (Doc. No. 27 at 5.) The claims in this ground, like the claims in grounds two and three, are unexhausted, as Petitioner waived these claims when he narrowed his PCRA petition in the Court of Common Pleas. Accordingly, the claims in ground six cannot form the basis of federal habeas corpus relief.

### E. Objection to Partial Non-Exhaustion of Ground Four

Petitioner next objects to Magistrate Judge Mannion's recommendation regarding the non-exhaustion of certain claims in ground four. (Doc. No. 27 at 7-9.) Ground four of Petitioner's habeas corpus petition contains allegations that his trial counsel was ineffective for failing to refile an improvidently filed motion for new trial after letters to Voytko, which were to be used only for impeachment, were brought to the jury room during deliberations. (Doc. No. 1 at 9-10.) Petitioner also alleges that appellate counsel was ineffective for: (1) failing to raise trial counsel's ineffectiveness for failing to revisit or refile the improvidently filed motion; and (2)

failing to raise the effect of the letters being submitted to the jury as a separate due process claim. (Id.) Magistrate Judge Mannion found that Petitioner's first ineffective assistance of counsel claim against appellate counsel, relating to appellate counsel's failing to raise trial counsel's ineffectiveness, was not presented to the PCRA court, and was not properly exhausted. (Doc. No. 26 at 18.)

The Court agrees that the issue presented to the PCRA court was narrower than the allegations of ground four of Petitioner's habeas corpus petition. The PCRA court considered "whether appellate counsel was ineffective for failing to brief and argue that the prejudicial effect of the submission of the letters to the jury deprived the defendant of a fair trial." (Doc. No. 1 at 17.) Any arguments in ground four of Petitioner's habeas corpus petition that were not raised on direct appeal or in the PCRA proceedings are unexhausted. Accordingly, the claim that appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness with respect to the improvidently filed post-conviction motion is not exhausted and cannot form the basis of federal habeas corpus relief.

  **F. Objection to Ground One**

Next, Petitioner objects to Magistrate Judge Mannion's findings with respect to the claims in ground one. (Doc. No. 27 at 9-12.) Petitioner also requests an evidentiary hearing with respect to ground one. (Id. at 12.) In ground one of his habeas corpus petition, Petitioner claims that trial counsel was ineffective in failing to have admissions that Petitioner made to Voytko suppressed, and that appellate counsel was ineffective in failing to raise the issue under the Sixth Amendment on appeal. (Doc. No. 1-2 at 1.) Magistrate Judge Mannion found that the claims in ground one were exhausted, and that the Superior Court's decision with respect to the

claims in ground one was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

"Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Brown v. Allen, 344 U.S. 443, 463-64 (1953). While that basic rule has not changed, the standard for granting federal habeas relief has been altered under the AEDPA. Id. Now, federal courts may only grant habeas corpus relief if a state court's adjudication of a claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro, 550 U.S. at 474. In making such a determination, the Court must "take into account those standards in deciding whether an evidentiary hearing is appropriate." Id.

At trial, Petitioner's counsel did not seek to have Petitioner's admission – through Voytko's testimony – to having engaged in sex with the victim suppressed. The Superior Court held that this decision was reasonable, as trial counsel explained that he did not seek the suppression because the admission was consistent with Petitioner's story of what happened on the night in question. The Superior Court found that this strategy was effective because petitioner was acquitted of the rape charge.

Pennsylvania state law concerning ineffective assistance of counsel is not contrary to the federal standard set forth in Strickland. Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). After a de novo review of the factual and legal issues, the Court is satisfied that the Superior Court's determination that trial counsel was not ineffective was not an unreasonable application of Strickland. An evidentiary hearing is unnecessary, as the record clearly supports this finding. Because trial counsel was not ineffective, appellate counsel could not have been ineffective in failing to raise trial counsel's ineffectiveness. Accordingly, the claims in ground one cannot form the basis of federal habeas corpus relief.

**G.    Objection to Ground Four**

Petitioner next objects to Magistrate Judge Mannion's finding that the exhausted claim in ground four does not give rise to habeas corpus relief. (Doc. No. 27 at 12-19.) Ground four contains allegations that trial counsel was ineffective for failing to refile an improvidently filed motion for new trial after letters to Voytko were improperly brought to the jury room during deliberations, and that appellate counsel was ineffective for failing to properly raise the issue on appeal. (Doc. No. 1 at 9-10.) As explained above, Petitioner's claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness was not exhausted. However, Petitioner's claim that appellate counsel was ineffective for failing to raise the issue as a separate due process claim was raised in his PCRA petition. Magistrate Judge Mannion found that the PCRA court's decision that appellate counsel was not ineffective was not an unreasonable application of clearly established federal law. (Doc. No. 26 at 42.)

The PCRA court examined the issue of "whether appellate counsel was ineffective for failing to brief and argue the prejudicial effect of the submission of the letters to the jury

deprived the defendant of a fair trial." (Doc. No. 1 at 17.) The PCRA court held that appellate counsel did raise the issue in a supplemental brief, but the Superior Court missed the issue. (Id. at 22-23.) Thus, the PCRA court held that "there is no arguable merit to the claim that Appellate Counsel was ineffective for failing to raise the issue." (Id. at 23.)

The PCRA court's decision is an adjudication on the merits, and thus is entitled to deference. Thomas v. Horne, 570 F.3d 105, 115 (3d Cir. 2009) (adjudication on the merits can occur at any level of state court). The appropriate inquiry is whether the state court's holding is contrary to clearly established federal law, or reflected an unreasonable application of that law. 28 U.S.C. § 2254(d). The Court agrees entirely with Magistrate Judge Mannion's finding that the PCRA court's holding with respect to ground four is not an unreasonable application of Strickland. (See Doc. No. 26 at 34-42.) Accordingly, the exhausted claim in ground four cannot form the basis of federal habeas corpus relief.

### H.     Objection to Ground Five

Next, Petitioner objects to Magistrate Judge Mannion's finding with respect to ground five. (Doc. No. 27 at 19-20.) In ground five of his petition for habeas corpus relief, Petitioner argues that the prosecution's remarks in closing arguments, referring to Petitioner as a liar and imploring the jury to use their common sense in finding that the victim's blood was on Petitioner's clothing, constituted prosecutorial misconduct. (Doc. No. 1-2 at 6.) Petitioner argues that this prosecutorial misconduct violated his due process rights, and that trial counsel's failure to object was ineffective assistance of counsel. (Id.) Magistrate Judge Mannion found that this claim was exhausted, despite the fact that Petitioner did not label his claim as a federal claim, as the substance of his due process claim was presented to the Pennsylvania courts in his

direct appeal and the test for due process claims based on prosecutorial misconduct is identical under Pennsylvania and federal law.  (Doc. No. 26 at 42-45 (citing inter alia Johnson v. Mechling, 541 F. Supp. 2d 651, 665 (M.D. Pa. 2008) ("[A] petitioner who presents a claim to the state courts which is decided under identical state and federal standards has given the state courts notice of the legal and factual substance of his claim, and that this satisfies the fair presentation rule.")).)

The Superior Court found that the prosecutor did not engage in prosecutorial misconduct, as the statements related to Petitioner's credibility were supported by evidence that Petitioner lied, and the prosecutor did not "deliberately attempt[] to destroy the objectivity of the jury." (Doc. No. 10-2 at 1-2.)  Because the prosecutor did not engage in prosecutorial misconduct, the Superior Court found that trial counsel was not ineffective for failing to object to the statements at issue.  (Id. at 2.)  Magistrate Judge Mannion found that the Superior Court was reasonable in finding that the statements made in closing argument did not give rise to a constitutional violation.  (Doc. No. 26 at 51.)

The Court agrees that the Superior Court's holding was not contrary to clearly established federal law, as the federal and state standard for prosecutorial misconduct are substantively identical, and that the Superior Court's decision was not an unreasonable application of the federal standard for prosecutorial misconduct.  Compare Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (under federal law, prosecutorial misconduct is a constitutional violation only when the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process") with Commonwealth v. Chester, 587 A. 2d 1367, 1377-78 (Pa. 1991) (under Pennsylvania law, prosecutorial misconduct gives rise to relief

only where the prosecutor made a deliberate attempt to destroy the objectivity of the fact-finder). The trial court properly instructed the jury that the statements made in closing arguments were not evidence, and the prosecutor's arguments were supported by the evidence or inferences based on evidence that had been admitted in the trial. Thus, the prosecutor's statements did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643. Accordingly, the Superior Court's finding that trial counsel was not ineffective for failing to object to the alleged prosecutorial misconduct did not involve an unreasonable application of clearly established federal law, and thus the claims in ground five cannot give rise to federal habeas corpus relief.

## III.   CONCLUSION

After a de novo review of each of the portion of Magistrate Judge Mannion's R&R to which Petitioner objects, the Court finds Petitioner's objections to be without any merit. Accordingly, the Court will adopt the R&R.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY CLAUDE STEPHENS,** : | |
| Petitioner : | Civil Action No. 1:08-cv-1029 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **SUPERINTENDENT JEROME** : | (Magistrate Judge Mannion) |
| **WALSH and PA ATTORNEY** : | |
| **GENERAL** : | |
| Respondents : | |

## ORDER

**AND NOW**, on this 30th day of September 2011, it is **HEREBY ORDERED THAT** the Court **ADOPTS** Magistrate Judge Mannion's R&R (Doc. No. 26), and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**. The Clerk of Court is directed to close this case. No certificate of appealability will issue.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania